UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
ALEXANDER E. ALLEN and         )
MERRILL M. ALLEN,              )
                               )
        Plaintiffs,            )
                               )
     v.                        )    C.A. No. 15-0562S
                               )
JANET L NOVACK,                )
                               )
        Defendant,             )
                               )
     v.                        )
                               )
LILA DELMAN REAL ESTATE OF     )
JAMESTOWN, LTD,                )
                               )
        Third Party            )
        Defendant.             )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

    Before the Court is Plaintiffs Alex E. Allen and Merrill M. Allen's Motion to Remand this case to the Rhode Island Superior Court. (ECF No. 10.) No opposition briefs were filed.

    On December 31, 2015, Defendant Janet Novack removed this action to this Court on diversity grounds pursuant to 28 U.S.C. § 1332. (See ECF No. 1.) In the present Motion, Plaintiffs concede that diversity of citizenship exists, but have filed an affidavit averring that the maximum amount of damages at issue is $38,242.50, well short of the minimum amount in controversy necessary for

diversity jurisdiction. (See Aff. of Alexander Allen, ECF No. 10-1.)

It is well settled that "[t]he party invoking federal jurisdiction has the burden of establishing that the court has subject-matter jurisdiction over the case." Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). This means that to remain in federal court, Defendants "must show a 'reasonable probability' that the amount in controversy exceeds $75,000." Providence Piers, LLC v. SMM New England, Inc., No. CA 12-532-S, 2013 WL 178183, at *3 (D.R.I. Jan. 16, 2013) (internal citations omitted). Defendants have not met this burden. They do not contest Plaintiffs' affidavit regarding the amount in controversy, and do not otherwise argue that there is a 'reasonable probability' that the damages in this case meet the requirements of 28 U.S.C. § 1332. Consequently, Plaintiffs' Motion to Remand is GRANTED and this case is remanded to the Rhode Island Superior Court, Newport County.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date:  May 26, 2016

2